UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEFFERY WILLIAMS,

                              Plaintiff,                 Caso No.  1:26-cv-712

   -against-

SWAUTO LTD. d/b/a OLD FLINGS
  and JOHN SANDERS,                                  **COMPLAINT AND DEMAND**
                                                                         **FOR JURY TRIAL**

                            Defendants
-------------------------------------------------------------x

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Swauto Ltd. d/b/a Old Flings and John Sanders (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This action challenges defendants' ongoing and unlawful disability discrimination at a place of public accommodation. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and recovery of attorneys' fees, costs, and expenses, to remedy defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., its implementing regulations, the New York State Executive Law § 296, the New York State Civil Rights Law § 40, and the Administrative Code of the City of New York § 8-107.

2. Defendants own, lease, lease to, operate, and control a place of public accommodation that is not accessible to individuals with disabilities and does not comply with applicable federal, state, and city accessibility requirements. Defendants are legally responsible for the acts and omissions of their employees and agents.

3. Rather than comply with longstanding accessibility obligations, defendants

1

elected to ignore them, prioritizing cost savings over the civil rights of individuals with disabilities. As a result, disabled patrons, including plaintiff, have been excluded from full and equal access to the premises. This action seeks to correct that discrimination and require defendants to make their place of public accommodation accessible so plaintiff may enjoy it on equal terms with non disabled customers.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because this action presents federal questions arising under the ADA. The Court has supplemental jurisdiction over plaintiff's related state and city law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the discriminatory acts alleged herein occurred in this District and the place of public accommodation that is the subject of this action is located within this District.

## PARTIES

6. Plaintiff Jeffery Williams is, and at all relevant times was, a resident of New York County, New York.

7. Plaintiff has been confined to a wheelchair since sustaining a severe spinal injury from a gunshot wound at the age of thirteen. As a result of this injury, plaintiff experiences substantial limitations in walking and range of motion and relies on a wheelchair for mobility.

8. At all relevant times, defendants operated and or leased property located at or about 25 Avenue A, New York, New York 10009, which is the premises at issue in this action.

9. Each defendant is licensed to do business in New York State and operates a place of public accommodation at the premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Each Defendants own, lease, lease to, control, and or operate a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181 and 28 C.F.R. § 36.104, the New York State Executive Law § 292(9), and the Administrative Code § 8-102(9).

11. The premises is a facility operated by a private entity whose operations affect commerce and therefore qualifies as a place of public accommodation under federal, state, and city law.

12. Numerous architectural barriers exist at the premises that prevent or substantially limit access by plaintiff, a wheelchair user.

13. Upon information and belief, the premises was designed and constructed for first occupancy after January 26, 1993. Upon further information and belief, defendants made alterations to the premises, including adjacent or attached areas, at various times after January 1992.

14. Plaintiff regularly travels throughout New York City and frequently visits the neighborhood in which the premises is located for everyday activities such as dining, socializing, family outings, and shopping, just as any other member of the public would.

15. Despite being paralyzed from the waist down, plaintiff is able to travel independently using a vehicle equipped with hand controls that allow him to drive without the use of his legs.

16. On or about October 31, 2025, plaintiff attempted and desired to enter the

premises to enjoy drinks and live jazz music offered there.

17. Plaintiff was unable to access the premises due to existing architectural barriers, including a significant set of stairs at the main entrance with no accessible means of entry and no method to contact staff inside the establishment for assistance.

18. These barriers prevented plaintiff from entering the premises and fully enjoying the goods and services offered to non disabled patrons.

19. As a result of this encounter, plaintiff felt embarrassed and subjected to discrimination on the basis of his disability.

20. Plaintiff is aware that these same barriers remain in place today.

21. The premises is located less than one hour from plaintiff's residence. Plaintiff continues to frequent the surrounding area and desires and intends to return to the premises once it is made accessible and free of barriers.

22. Because defendants have failed to design, construct, and alter their place of public accommodation in compliance with the ADA, including the 1991 Standards for Accessible Design and the 2010 Standards for Accessible Design, as well as applicable state and city law, plaintiff has been denied safe, equal, and full access to the premises.

23. Plaintiff faces a real and continuing threat of discrimination so long as the barriers remain and defendants remain out of compliance.

24. Defendants' place of public accommodation is not readily accessible to or usable by individuals with disabilities as required by the Americans with Disabilities Act and its implementing regulations, including the ADA Accessibility Guidelines set forth at 28 C.F.R. Part 36, Appendix A, adopted as the 1991 Standards for Accessible Design, and the revised regulations adopted as the 2010 Standards for Accessible Design. As a result of

defendants' noncompliance, plaintiff has been denied full and equal access to the premises.

25. The barriers described below were encountered by plaintiff and or continue to deter plaintiff from accessing the premises. This list is not exhaustive.

26. The primary entrance to the premises is not accessible to wheelchair users. The entrance contains existing steps that create a vertical change in level and act as a physical barrier to entry. No ramp or other compliant means of access has been provided.

27. Defendants failed to provide an accessible route to the establishment as required by 28 C.F.R. Part 36, including Sections 206 and 402 of the 2010 Standards. Accessible routes are required to connect public sidewalks and streets to at least one accessible entrance serving the facility. Entrances must comply with Section 206.4, and entrance doors must be located on an accessible route and comply with Section 404.

28. Changes in level exceeding one half inch are required to be ramped and must comply with Sections 303, 405, or 406. Defendants failed to provide any compliant ramp or alternative accessible means of entry.

29. Defendants also failed to provide an accessible means of egress as required by the ADA and the incorporated provisions of the International Building Code, including Section 1007, as referenced by 28 C.F.R. Part 36.

30. The interior dining area of the premises is not accessible to wheelchair users. Dining tables fail to provide the minimum required knee and toe clearance necessary for a forward approach by individuals using wheelchairs.

31. Where dining surfaces are provided for the consumption of food or drink, at least five percent of the seating and standing spaces must comply with Section 902 of the 2010 Standards. Dining surfaces are required to provide a clear floor space compliant with Section

305, knee and toe clearance compliant with Section 306, and appropriate height and width clearances.

32. Defendants failed to provide the required number of accessible dining tables and failed to ensure that any dining tables meet the minimum clearance requirements mandated by Sections 902.2, 902.3, 305, and 306 of the 2010 Standards.

33. The bar area within the premises is not accessible to individuals with disabilities. The height of the bar exceeds the maximum allowable height under the ADA, and no portion of the bar has been made accessible.

34. Dining surfaces, including bars, must comply with Sections 902.2 and 902.3 of the 2010 Standards and must be between twenty eight inches minimum and thirty four inches maximum above the finished floor. A clear floor space positioned for a forward approach is required, along with compliant knee and toe clearance pursuant to Sections 305 and 306.

35. Defendants failed to provide any accessible portion of the bar and failed to provide the required clear floor space and knee and toe clearance, in violation of 28 C.F.R. Part 36 and Sections 902, 305, and 306 of the 2010 Standards.

36. The premises lacks compliant signage identifying restroom facilities as required by the ADA.

37. Permanent room identification signs, including restroom signage, must comply with Sections 216 and 703 of the 2010 Standards. Such signage must include tactile characters, comply with specific mounting height requirements, and be located at the latch side of doors or on the nearest adjacent wall where appropriate.

38. Defendants failed to provide signage that complies with Sections 216.2, 703.1,

703.2, 703.5, and 703.6, thereby preventing individuals with disabilities from independently identifying and locating restroom facilities.

39. The restroom lavatory at the premises is not configured to protect individuals with disabilities from injury. Water supply and drain pipes beneath the lavatory are not insulated or otherwise protected.

40. Pursuant to the 2010 Standards, water supply and drain pipes under lavatories and sinks must be insulated or configured to prevent contact, and no sharp or abrasive surfaces may be present. Defendants failed to comply with these requirements, creating a hazardous condition for wheelchair users.

41. Required grab bars have not been provided on the rear and side walls of the water closet in the restroom.

42. Grab bars at water closets are required to comply with Section 609 of the 2010 Standards and must be installed on the side wall closest to the toilet as well as on the rear wall. Defendants failed to install the required grab bars, rendering the restroom unusable by individuals with mobility disabilities.

43. The restroom mirror is mounted at a height that exceeds the maximum allowable height under the ADA.

44. Mirrors located above lavatories or countertops must be installed with the bottom edge of the reflecting surface no more than forty inches above the finished floor. Mirrors not located above lavatories must not exceed thirty five inches above the finished floor. Defendants failed to comply with these requirements, in violation of Section 603.3 of the 2010 Standards.

45. The barriers identified above are not intended to be exhaustive. Upon

information and belief, additional barriers to access exist throughout the premises.

46. Plaintiff requires a full inspection of defendants' place of public accommodation in order to identify and remediate all areas of noncompliance, as required to fully remedy defendants' discriminatory conduct and avoid piecemeal litigation. Plaintiff intends to amend the complaint to include additional violations discovered through inspection.

47. Upon information and belief, portions of the Subject Facility were altered after the effective date of the ADA. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each such altered area, together with the path of travel to the altered area, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible.

48. Depending on when the alterations occurred, compliance was and is required with either the 1991 ADA Standards for Accessible Design for alterations prior to March 15, 2012 or the 2010 ADA Standards for Accessible Design for alterations on or after March 15, 2012. In either case, the only permissible defense is technical infeasibility. To the extent the altered areas fail to conform to the applicable Standards, they remain in violation of Title III of the ADA.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

49. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

50. Plaintiff is substantially limited in major life activities, including walking and range of motion, and therefore has a disability within the meaning of the ADA. As a direct and proximate result of his disability, plaintiff uses a wheelchair for mobility and has restricted bodily movement.

51. Defendants are subject to joint and several liability under the ADA as owners, lessors, lessees, operators, and controllers of a place of public accommodation. Under 28 C.F.R. § 36.201(b), both the property owner and the operator are legally responsible for compliance with Title III, and neither may avoid liability through contractual allocation of responsibilities.

52. Defendants have subjected plaintiff to disparate treatment by denying him full and equal enjoyment of the premises because of his disability. Defendants' policies, practices, and failures to act have also had a disparate impact on plaintiff and other individuals with mobility disabilities.

53. By maintaining architectural barriers and failing to provide accessible features, defendants have communicated to individuals with disabilities that they are unwelcome and undesired patrons of the premises.

54. Defendants discriminated against plaintiff by designing and or constructing a place of public accommodation that is not readily accessible to or usable by individuals with disabilities, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a).

55. Defendants have failed to provide an integrated and equal setting for individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

56. Upon making alterations to the premises, defendants failed to make the altered areas readily accessible to and usable by individuals with disabilities to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406.

57. Upon altering areas of primary function, defendants further failed to make the paths of travel to those areas accessible, including restrooms, entrances, and dining areas, in violation of 28 C.F.R. § 36.403.

58. Pursuant to 28 C.F.R. § 36.406, defendants were required to bring altered elements and spaces into compliance with the applicable ADA Standards for Accessible Design. Defendants failed to do so.

59. Defendants failed to remove architectural barriers where such removal is readily achievable, in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendants' place of public accommodation fully accessible.

60. By failing to remove barriers to access where readily achievable, defendants have discriminated against plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a) and § 12182(b)(2)(A)(iv), as well as 28 C.F.R. § 36.304.

61. In the alternative, defendants violated the ADA by failing to provide reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

62. Defendants' ongoing failure to remove barriers and comply with Title III constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. Part 36.

63. Defendants have engaged in and continue to engage in unlawful discrimination by maintaining and operating a place of public accommodation that remains inaccessible to plaintiff.

### SECOND CAUSE OF ACTION

**(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)**

64. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

65. Plaintiff suffers from medical conditions that individually and collectively prevent the normal exercise of bodily functions, including walking and range of motion. Plaintiff therefore has a disability within the meaning of New York State Executive Law § 296(21).

66. Defendants have denied plaintiff equal access to and use of their place of public accommodation because of his disability, subjecting him to disparate treatment in violation of New York State Executive Law § 296(2).

67. Defendants discriminated against plaintiff by maintaining and operating an inaccessible place of public accommodation and by failing to remove architectural barriers where removal was readily achievable. Each defendant aided and abetted disability discrimination within the meaning of the Executive Law.

68. Defendants failed to make readily achievable accommodations and modifications necessary to remove barriers to access, in violation of Executive Law § 296(2)(c)(iii).

69. In the alternative, defendants failed to provide reasonable alternatives to barrier removal, in violation of Executive Law § 296(2)(c)(iv).

70. It would be readily achievable for defendants to make their place of public accommodation fully accessible, and doing so would not impose an undue hardship or undue burden.

71. As a direct and proximate result of defendants' unlawful discrimination, plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

72. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

73. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

74. Plaintiff has impairments that substantially limit bodily systems, including

walking and range of motion, and therefore has a disability within the meaning of Administrative Code § 8-102(16).

75. The New York City Human Rights Law is intended to be construed broadly and independently of federal and state anti discrimination laws. Pursuant to the Local Civil Rights Restoration Act of 2005, the provisions of the Administrative Code must be interpreted liberally to accomplish their uniquely broad and remedial purposes.

76. Defendants have directly and indirectly refused, withheld, and denied plaintiff the accommodations, advantages, facilities, and privileges of their place of public accommodation because of his disability, in violation of Administrative Code § 8-107(4). Each defendant aided and abetted disability discrimination.

77. Defendants discriminated against plaintiff by designing, creating, maintaining, and operating a commercial facility that is not accessible to individuals with disabilities, in violation of the Administrative Code.

78. Defendants have subjected plaintiff to disparate treatment and disparate impact by denying him equal access to the premises because of his disability, in violation of Administrative Code § 8-107(4).

79. Defendants violated the Administrative Code and Local Law 58 by maintaining and operating an inaccessible public accommodation.

80. As a direct and proximate result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, and stress.

81. Upon information and belief, defendants' long standing refusal to make the premises accessible was deliberate, egregious, and undertaken with reckless disregard for plaintiff's rights under the Administrative Code.

82. By maintaining an inaccessible place of public accommodation for decades, defendants communicated to individuals with disabilities that they are not welcome as patrons.

83. Defendants engaged in discrimination with willful or wanton negligence, recklessness, and conscious disregard for the rights of others, entitling plaintiff to punitive damages pursuant to Administrative Code § 8-502.

84. By refusing to make their premises accessible, defendants unlawfully profited by retaining revenue generated from a non compliant space and avoiding the costs required to achieve compliance. Defendants' unlawful profits, together with interest, must be disgorged.

85. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

86. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

87. Defendants discriminated against plaintiff in violation of the New York State Executive Law.

88. As a result, plaintiff is entitled to recover the statutory penalties provided by New York State Civil Rights Law §§ 40 c and 40 d for each violation.

## INJUNCTIVE RELIEF

89. Plaintiff will continue to experience unlawful discrimination as a result of defendants' ongoing failure to comply with federal, state, and city disability access laws. Injunctive relief is therefore necessary to require defendants to alter and modify their place of public accommodation, as well as their operations, policies, practices, and procedures.

90. Injunctive relief is further required to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the ADA, the New York State

Executive Law, and the Administrative Code of the City of New York.

91. Injunctive relief is also necessary to require defendants to provide auxiliary aids and services, modify policies and practices, and or provide alternative methods of access as required by law.

## DECLARATORY RELIEF

92. Plaintiff is entitled to a declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, the New York State Executive Law, and the Administrative Code.

93. Plaintiff is further entitled to a declaration defining the rights of the parties with respect to defendants' place of public accommodation, including the alterations and modifications required to make the premises, facilities, goods, services, and policies compliant with applicable law.

## ATTORNEY'S FEES, EXPENSES AND COSTS

94. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public

accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: January 27, 2026

       Manhasset, New York

                                Respectfully submitted,

                                **GABRIEL A. LEVY, P.C.**
                                Attorney for Plaintiff
                                1129 Northern Blvd, Suite 404

Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com